UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROHIT PRAKASH | ) | |
| | ) | CASE NO. 5:10-cv-00033-SL |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| ALTADIS U.S.A. INC., ET. AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECLARATION OF CHARLES W. GRIMES IN SUPPORT OF THE MOTION TO DISMISS OF DEFENDANTS CHARLES W. GRIMES AND GRIMES & BATTERSBY, LLP**

I, CHARLES W. GRIMES, pursuant to the requirements of 28 U.S.C. § 1746, declare that the following is true and correct:

1. I am the Managing Partner of the law firm Grimes & Battersby, LLP ("the Firm"). This declaration is based on personal knowledge from my own participation in the matters described herein and, if called as a witness, I would testify competently to each of the following facts. I submit this declaration in support of the Motion to Dismiss of Defendants Charles W. Grimes and Grimes & Battersby, LLP.

2. I am a full-time resident of the state of Connecticut and have been for more than twenty-five (25) years.

3. Other than when I am traveling on business, I work in my principal office located at 488 Main Avenue, Norwalk, Connecticut.

4. I have never worked in the state of Ohio.

5. I have never maintained a residence in the state of Ohio.

6. Grimes & Battersby is a limited liability partnership with offices in Norwalk, Connecticut and New York City. All of the attorneys affiliated with the Firm live in Connecticut and work in one of the Firm's two offices, except when travel is required in connection with the representation of a client.

7. Neither I nor, to my knowledge, the Firm, has engaged in any persistent course of conduct in Ohio.

8. Neither I nor, to my knowledge, the Firm, has ever sold any goods or services in the state of Ohio, except in connection with our representation of clients, and such matters, except as described in paragraph 17, have been wholly unrelated to Rohit Prakash ("Prakash") or Somya, Inc.

9. I do not regularly solicit business in the state of Ohio and, to my knowledge, the same is true for the Firm.

10. I have never owned property in the state of Ohio and, to my knowledge, the same is true for the Firm.

11. I have never had an office or a resident agent or employee in the state of Ohio and, to my knowledge, the same is true for the Firm.

12. I have never established any mailing address or phone listing in the state of Ohio and, to my knowledge, the same is true for the Firm.

13. To the best of my knowledge, neither I nor the Firm has ever negotiated any contract or entered into any contract in the state of Ohio.

14. To the best of my knowledge, I personally have never transacted any business in the state of Ohio. To the best of my knowledge, if other attorneys in the Firm have transacted business in the state of Ohio, they have done so on behalf of clients, in connection with their

representation of such clients, and such matters, except as described in paragraph 17, have been wholly unrelated to Mr. Prakash or Somya, Inc.

15. Neither I nor, to my knowledge, the Firm, has had any business or personal contact with Mr. Prakash or Somya, Inc. other than the recent receipt of service of process in this case, the cease and desist letters and our involvement in a pending trademark Opposition Proceeding between Max Rohr, Inc. ("Max Rohr") and Mr. Prakash before the U.S. Patent & Trademark Office's Trademark Trial and Appeal Board ("TTAB"), Opposition No. 91169175, in which the Firm and I represent Max Rohr (the "Opposition Proceeding").

16. After becoming aware that an application to register the mark TREAT for "filter-tipped cigarettes" in International Class 34 had been published for opposition in the October 18, 2005 issue of the *Official Gazette* of U.S. Patent & Trademark Office, I filed, on behalf of Max Rohr, two separate requests in November and December 2005, to extend time to file an Opposition to registration of that mark until February 15, 2006, pursuant to 37 C.F.R. § 2.102. I then sent a cease and desist letter to Mr. Prakash, as described in paragraph 38 of the Amended Complaint ("Complaint") filed in this case, and briefly corresponded with him as described in paragraphs 39-40 of the Complaint. My letters to Mr. Prakash (the "cease and desist letters") and his response are attached hereto as Exhibits 1-3. I met Mr. Prakash in Florida in connection with the depositions of two corporate officers of Altadis U.S.A. Inc. ("Altadis U.S.A.") that Mr. Prakash took there in connection with the Opposition Proceeding. In that same proceeding, my partner Russell Dize took Mr. Prakash's deposition in Ohio. Other than the foregoing and correspondence, emails and pleadings sent to Mr. Prakash by me or other Grimes & Battersby attorneys in our capacity as counsel for Max Rohr and Altadis U.S.A., neither I nor, to my knowledge, Grimes & Battersby, has had any other contact with Mr. Prakash.

17. I prepared the cease and desist letters in the regular course of preparing for the trademark Opposition Proceeding that was contemplated in good faith and under serious consideration, as evidenced by my request to extend time twice.

18. In the Opposition Proceeding, Max Rohr opposed Mr. Prakash's application to register the mark TREAT for "filter-tipped cigarettes." Mr. Prakash counterclaimed for cancellation of Max Rohr's DUTCH TREATS registration. The proceeding has been pending for more than four years and has finally reached the "testimony period" wherein each party submits their trial evidence. The Opposition Proceeding is currently suspended pending the outcome of this action. The Opposition Proceeding is venued, as all opposition proceedings are, at the TTAB located in Alexandria, Virginia.

19. No conspiracy exists between the other defendants in this case and me or Grimes & Battersby.

20. Neither I nor Grimes & Battersby has ever been involved in any conspiracy that has been alleged by Mr. Prakash.

21. Having no contact or relation with the state of Ohio whatsoever, I have never had any expectation to be sued there personally. Because the only contact that Grimes & Battersby has had with Ohio, to my knowledge, was the protected activity of sending the cease and desist letters and taking Mr. Prakash's deposition, it, too, has no reasonable expectation to be sued in Ohio.

I hereby declare that the foregoing is true and correct under penalty of perjury.

Dated: April 6, 2010

_____
Charles W. Grimes

# GRIMES & BATTERSBY, LLP

ATTORNEYS AT LAW
488 MAIN AVENUE
NORWALK, CONNECTICUT 06851-1008
(203) 849-8300

www.gandb.com

Fax: (203) 849-9300

January 20, 2006
*Via Federal Express*

Mr. Rohit Prakash
1510 South Hametown Road
Copley, OH 44321

Re: **Infringement of DUTCH TREATS Trademark**
Our File No.: CC014USL

Dear Mr. Prakash:

We represent Altadis U.S.A. Inc. ("Altadis") and Max Rohr, Inc. ("Max Rohr"). Max Rohr is a wholly owned subsidiary of Altadis.

Max Rohr is the owner of U.S. federal trademark registration number 889,636 for the "**DUTCH TREATS**" trademark registered on April 21, 1970 for "cigars" in International Class 34 (hereinafter **DUTCH TREATS** Trademark).

Altadis and its predecessors, subsidiaries and licensees have been using the **DUTCH TREATS** Trademark in connection with the aforementioned goods for over 30 years. As a result, the **DUTCH TREATS** Trademark is inherently distinctive to the public and the trade with respect to cigars and serves primarily as a designator of origin of Altadis' and its licensees' products. Because of the widespread use and display of the **DUTCH TREATS** Trademark by Altadis and its licensees throughout the years, the **DUTCH TREATS** Trademark has built up secondary meaning and extensive goodwill.

It has come to our clients' attention that you have applied for registration of "**TREAT**" as a mark for "filter-tipped cigarettes" in International Class 34. "**TREAT**" is confusingly similar in sound, appearance and commercial impression to our clients' **DUTCH TREATS** Trademark. Inasmuch as your cigarettes with the "**TREAT**" designation will be sold through many of the same channels of trade as our clients' **DUTCH TREATS** cigars, this is likely to cause confusion, mistake or deception as to the source of origin of the respective products amongst consumers. Accordingly, your use of "**TREAT**" is an infringement of our clients' intellectual property rights.

Exhibit 1

Mr. Rohit Prakash
January 20, 2006
Page 2 of 2

We therefore demand on behalf of our clients that you immediately phase out the use of "TREAT" as a designation on or in connection with your cigarettes and expressly abandon your trademark application, serial number 78/538,315, providing us with a copy of the document filed with the U.S. Patent and Trademark Office.

In order to preserve our clients' rights, we have filed with the U.S. Patent and Trademark Office an extension of time to oppose your trademark application, serial number 78/538,315.

If you do not agree to comply with our demands, we will be forced to recommend to our clients that they initiate the opposition proceeding against your trademark application, serial number 78/538,315, and institute an infringement action against you in which they will ask the court to direct you to:

(i) destroy all infringing merchandise remaining in your inventory;
(ii) destroy all labels, advertising, packaging and/or other materials with the infringing mark in your inventory;
(iii) provide us with a list of any and all retail outlets to whom you have sold and/or distributed the infringing merchandise;
(iv) inform any and all such retail outlets to immediately withdraw any and all such infringing merchandise from their inventory and to destroy same;
(v) provide an accounting of:
 (a) the entire inventory of infringing merchandise, labels, advertising, packaging and/or other materials with the infringing mark manufactured by or for you;
 (b) the inventory of infringing merchandise, labels, advertising, packaging and/or other materials with the infringing mark remaining in stock and being destroyed in accordance with the court's direction;
 (c) the inventory of infringing merchandise sold/and or distributed by you prior to the court's direction; and
 (d) the revenues generated in connection with the use of your infringing mark so that an appropriate amount to be paid to recompensate our clients can be determined; and
(vi) pay our clients' monetary damages and attorneys' fees for your deliberate infringement of our clients' rights.

We expect to receive your reply on or before February 3, 2005.

Very truly yours,

Charles W. Grimes

CWG/sms

## Somya Inc.

825 SWEITZER AVE.
AKRON, OH 44311
(330) 475-3999
TREAT@SOMYA.US

GRIMES & BATTERSBY LLP
RECEIVED
FEB 24 2006
CWG
GJB
LH
JGC
EJF
RDD
JLE
REM

February 17th, 2006

Charles W Grimes
Attorney At Law
488 Main Ave
Norwalk, Connecticut 06851-1008

Re:   Your File No: CC014USL

Dear Mr. Grimes,

I introduce myself as the President and CEO of Somya Inc., which was established in Ohio in February, 2005. Most of the information on this company and its product 'Treat' can be obtained from the website www.somya.us. The company was awarded the "Treat" trademark by State of Ohio in July, 2005.

Treat is a non-tobacco purely Herbal smoke. Those herbs have been used for thousands of years in India. The Patent for the Ayurvedic Herbal Smoking Composition is pending in USPTO. The reason for it having the name 'Treat'----your habit and taste--- stems from the fact that it was intended to help smokers quit the habit of smoking nicotine and tobacco. It only consists of 10 smokes per packet.

There was no intention at any time to infringe on your trademark. Treat looks completely different and tastes herbal. The name 'Treat' is quite meaningful for the kind of product it is. Packaging is also entirely different from Dutch Treats Cigar, the existence of which I was not even aware of till I received your letter only recently (I was out of town before then).

My earnest request to you is that you let Somya Inc. make Treat cigarettes if it places all the above restrictions on its sale (non-tobacco, Herbal composition, packets of 10 etc.) so as to set it completely apart from the

Exhibit 2

Page 2 of 2

Dutch Treats Cigars. You may also instruct all your retail outlets not to carry any Treat brand to avoid confusion. It will all be expressly understood on a written and binding agreement. I sincerely do not believe that Treat will in any way infringe on the sale of Dutch Treats Cigars.

Thanking you.

Yours truly,

Rohit Prakash

Copy to Chairman Theo Folz, Altadis USA Inc.

# GRIMES & BATTERSBY, LLP

ATTORNEYS AT LAW
488 MAIN AVENUE
NORWALK, CONNECTICUT 06851-1008
(203) 849-8300

www.gandb.com

Fax: (203) 849-9300

March 9, 2006
*Via Federal Express*

Mr. Rohit Prakash
Somya, Inc.
825 Sweitzer Avenue
Akron, OH 44311

Re: **Infringement of DUTCH TREATS Trademark**
    **Our File No.: CC014USL**

Dear Mr. Prakash:

We are in receipt of your letter dated February 17, 2006.

We have discussed your proposed terms for settlement of the matter with our client. However, our client does not agree with your position that the two products may mutually co-exist. Our client is in the business of selling tobacco products. Your product is intended to assist people to stop smoking tobacco products.

Accordingly, our client has advised us that they are not interested in settling this matter and has authorized us to continue with the opposition proceeding filed in the U.S. Patent and Trademark Office. Further, our client has instructed us to initiate a lawsuit against your company in federal court for trademark infringement and trademark dilution should you begin selling your product with the "TREAT" trademark.

Very truly yours,

Charles W. Grimes

CWG/sms

Exhibit 3