UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rohit Prakash, | ) | CASE NO. 5:10-cv-00033 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **THE MOTION OF DEFENDANT** |
| Altadis U.S.A. Inc., *et. al.*, | ) | **IMPERIAL TOBACCO GROUP PLC** |
| | ) | **TO DISMISS FOR LACK OF** |
| Defendants. | ) | **PERSONAL JURISDICTION** |

CLE - 2566689.6

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................**Error! Bookmark not defined.**

INTRODUCTION ..................................................................**Error! Bookmark not defined.**

STATEMENT OF RELEVANT ALLEGATIONS AND FACTS**Error! Bookmark not defined.**

LAW AND ARGUMENT ..........................................................**Error! Bookmark not defined.**

I.     Plaintiff has Failed to Meet His Burden to Establish a Prima Facie Case in Support of Personal Jurisdiction. .................................................................................................. 5

II.    Prakash Cannot Establish Personal Jurisdiction Pursuant to the Service Provision of RICO. 7

    A.     Broad Federal-Service Provisions Apply Only When the Plaintiff Has Stated Viable Causes of Action Under the Relevant Statutes. ........................................................ 7

    B.     Prakash Cannot Rely on RICO's Nationwide Service of Process Because the Complaint Fails to State a RICO Claim................................................................. 7

    C.     Prakash Cannot Rely on RICO to Establish Jurisdiction of Imperial by Service in the United Kingdom...................................................................................... 8

III.   Prakash Cannot Establish Personal Jurisdiction over Imperial Under the Antitrust Laws..... 8

    A.     Prakash Cannot Rely on the Special Service Provision of the Antitrust Laws Because the Complaint Fails to State an Antitrust Claim.......................................... 8

    B.     15 U.S.C. § 5 is Not a Basis for Personal Jurisdiction because it Applies Only to Actions Brought by the Government. ...................................................................... 9

    C.     15 U.S.C. § 15 is a Venue Statute and does not Establish Personal Jurisdiction Over Imperial. .................................................................................................. 9

    D.     Prakash Cannot Rely on 15 U.S.C. § 22 to Establish Personal Jurisdiction of Imperial. ................................................................................................................ 10

IV.   None of the Remaining Claimed Federal Bases for Jurisdiction of Imperial Apply. ........... 12

    A.     The "Effects Doctrine" and Extra-Territorial Application of RICO Do Not Establish Personal Jurisdiction Over Imperial Because Plaintiff's RICO Claims Fail as a Matter of Law. .................................................................................................. 12

    B.     The Regulation Prakash Cites – 31 C.F.R. § 515.310(d) – Does Not Exist and Cannot Establish Personal Jurisdiction Over Imperial. .......................................... 13

    C.     The Helms-Burton Act, Specifically 22 U.S.C. § 6082, Does Not Establish Personal Jurisdiction Over Imperial. ...................................................................... 14

    D.     18 U.S.C. § 1957(d)(2) Does Not Establish Personal Jurisdiction Over Imperial... 14

    E.     Prakash's Allegations Under Fed. R. Civ. P. 4(k)(1)(C), Paragraphs 16(a)-16(b), Do Not Establish Personal Jurisdiction Over Imperial................................................. 15

V.     Prakash Cannot Satisfy the Ohio Long-Arm Statute for His RICO, Lanham Act, and State Law Claims. ....................................................................................................... 15

A.      Subsection (A)(3) of the Ohio Long Arm Statute Provides No Basis for Personal Jurisdiction Over Imperial. ...................................................................................... 16

B.      Subsection (A)(7) of the Ohio Long Arm Statute Provides No Basis for Personal Jurisdiction Over Imperial. ...................................................................................... 17

C.      The Absent Co-Conspirator Doctrine is Not Recognized as a Means for Establishing Personal Jurisdiction in this District. .................................................... 17

D.      Prakash Cannot Satisfy the Fourteenth Amendment Due Process Requirements. ... 18

CONCLUSION................................................................................**Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A-DEC, Inc. v. Prof'l Equip. Mfg. Co.*,
No. 83-1118, 1984-1 Trade Cas. (CCH) ¶65,808, 1983 U.S. Dist. LEXIS 11560 (D.
Ore. 1983) .................................................................................................................... 8-9

*Ames v. Whitman's Chocolates, Div. of Pet, Inc.*,
No. 91-3271, 1991 U.S. Dist. LEXIS 18389 (E.D. Pa. Dec. 30, 1991)................................11

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)..................................................................................................18

*Busch v. Serv. Plastics, Inc.*,
261 F. Supp. 136 (N.D. Ohio 1966)............................................................................16

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
788 F.2d 535 (9th Cir. 1986) .....................................................................................7

*Chirila v. Conforte*,
47 Fed. Appx. 838 (9th Cir. 2002).............................................................................13

*Chrysler Corp. v. Fedders Corp.*,
643 F.2d 1229 (6th Cir. 1981) .............................................................................11, 18

*Combs v. Bakker*,
692 F. Supp. 596 (W.D. N.C. 1988), *vacated on other grounds*, 886 F.2d 673 (4th
Cir. 1989) ................................................................................................................7

*Conti v. Pneumatic Prod Corp.*,
977 F.2d 978 (6th Cir. 1992) .....................................................................................18

*Dean v. Motel 6 Operating L.P.*,
134 F.3d 1269 (6th Cir. 1998) ...................................................................................6

*Gafford v. General Elec. Co.*,
997 F.2d 150 (6th Cir. 1993) .....................................................................................5

*Georgia v. Pennsylvania R. Co.*,
324 U.S. 439 (1945)..................................................................................................9

*Go-Video, Inc. v. Akai Elec. Co., Ltd.*,
885 F.2d 1406 (9th Cir. 1989) .............................................................................10, 11

*GTE New Media Servs. Inc. v. Bellsouth Corp.*,
199 F.3d 1343 (D.C. Cir. 2000)................................................................................10

*Hildebrand v. Steck Mfg. Co. Inc.*,
    279 F.3d 1351 (Fed. Cir. 2002)........................................................................16, 17

*Hitachi Med. Sys. Am., Inc. v. Branch*,
    No. 5:09-cv-01575, 2010 U.S. Dist. LEXIS 19405 (N.D. Ohio Mar. 4, 2010).......................5

*Hollar v. Philip Morris, Inc.*,
    43 F. Supp. 2d 794 (N.D. Ohio 1998)...........................................................17, 18

*Hoover v. Soc'y Bank of E. Ohio N.A.*,
    No. 5:90CV1245, 1991 U.S. Dist. LEXIS 19073 (N.D. Ohio Apr. 12, 1991) ......................17

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945)..................................................................................18

*Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*,
    23 F. Supp. 2d 796 (N.D. Ohio 1998).....................................................8, 10, 18

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984)....................................................................................6

*Kwait & Assoc., Inc., v. Health-Mark Diagnostics, L.L.C.*,
    No. 1:97-CV-512, 1998 U.S. Dist. LEXIS 22880 (N.D. Ohio Feb. 23, 1998)...............6, 7, 15

*McNutt v. General Motors Acceptance Corp.*,
    298 U.S. 178 (U.S. 1936)..............................................................................5

*Mgmt. Insights, Inc. v. CIC Enters., Inc.*,
    194 F. Supp. 2d 520 (N.D. Tex. 2001) ...............................................................10

*Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*,
    91 F.3d 790 (6th Cir. 1996) ..........................................................................16

*NGS Am., Inc. v. Jefferson*,
    218 F.3d 519 (6th Cir. 2000) ..........................................................................7

*O.S.C. Corp. v. Toshiba Am., Inc.*,
    491 F.2d 1064 (9th Cir. 1974) .......................................................................11

*Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co., Ltd.*,
    No. 08-487, 2008 U.S. Dist. LEXIS 99395 (S.D. Ohio Dec. 9, 2008)................................10

*Pro-Fac Coop., Inc. v. Alpha Nursery, Inc.*,
    205 F. Supp. 2d 90 (W.D. N.Y. 2002) .................................................................9

*Reynolds v. Int'l Amateur Athletic Fed'n*,
    23 F.3d 1110 (6th Cir. 1994) ....................................................................13, 16

*Schultz v. Szott*,
  No. 3:08-cv-02718, 2009 U.S. Dist. LEXIS 66627 (N.D. Ohio July 31, 2009) ..................16

*Shaffer v. Heitner*,
  433 U.S. 186 (1977) ...........................................................................................................6

*Theunissen v. Matthews*,
  935 F.2d 1454 (6th Cir. 1991) ..........................................................................................5

*U.S. v. Aluminum Co. of Am.*,
  148 F.2d 416 (2d Cir. 1945) ............................................................................................12

*United Liberty Life Ins. Co. v. Ryan*,
  985 F.2d 1320 (6th Cir. 1993) ..........................................................................................7

*Williams v. D. Richey Management Corp.*,
  No. 87 C 6398, 1988 WL 8983 (N.D. Ill. Jan. 28, 1988) ................................................8

**STATUTES**

15 U.S.C. § 5 ................................................................................................................4, 9

15 U.S.C. § 15 ........................................................................................................4, 9, 10

15 U.S.C. § 22 .......................................................................................................... *passim*

15 U.S.C. § 78aa ...................................................................................................................9

15 U.S.C. §§ 1051-1141 ......................................................................................................16

18 U.S.C. § 1391(d) ............................................................................................................11

18 U.S.C. § 1957 .................................................................................................................14

18 U.S.C. § 1957(a) ............................................................................................................14

18 U.S.C. § 1957(d)(2) .............................................................................................4, 14, 15

18 U.S.C. § 1957(e) ............................................................................................................14

18 U.S.C. § 1965 ..................................................................................................................4

18 U.S.C. § 1965(a) ..............................................................................................................1

18 U.S.C. § 1965(b) ..............................................................................................................7

18 U.S.C. § 1965(d) ............................................................................................................15

22 U.S.C. § 6082 ...........................................................................................................4, 14

22 U.S.C. § 6082(a)(1)(A) ............................................................................................14

Ohio Rev. Code. § 2307.382(A)(3) ...................................................................4, 16, 17

Ohio Rev. Code. § 2307.382(A)(7) ...................................................................4, 16, 17

Section 2307.382(A) .....................................................................................................17

Securities Act of 1934 ....................................................................................................9

## OTHER AUTHORITIES

31 C.F.R. § 515.310 ..................................................................................................4, 13

Fed. R. Civ. P. 4 ...........................................................................................................15

Fed. R. Civ. P. 4(h) ......................................................................................................10

Fed. R. Civ. P. 4(k)(1)(C) ............................................................................................15

Fed. R. Civ. P. 12(b)(2) ......................................................................................1, 5, 11

U.S. CONST., amend XIV ......................................................................................16, 18

## INTRODUCTION

Imperial Tobacco Group PLC ("Imperial") is a citizen of the United Kingdom and conducts no business in the United States.  There are no allegations of any basis for this Court to exercise personal jurisdiction of Imperial, other than a conclusory invocation of 18 U.S.C. § 1965(a) and the allegation that Imperial's U.S. based subsidiaries are its agents.  None of the alleged legal bases for jurisdiction to which the Amended Complaint ("Complaint" or "Compl.") refers is properly relied upon here.  Imperial has no contacts with the state of Ohio or the United States as a whole, and therefore, this Court should dismiss Prakash's claims pursuant to Fed. R. Civ. P. 12(b)(2).

## STATEMENT OF RELEVANT ALLEGATIONS AND FACTS

The Complaint is "much ado" about the effort of Defendant Max Rohr, Inc. ("Max Rohr") to enforce its rights in the DUTCH TREATS trademark for cigars.  Plaintiff Rohit Prakash ("Prakash") filed an application for registration of the trademark TREAT as a mark for "filter-tip cigarettes," in International Class (IC) 34, on an intent to use basis.  Compl. ¶32. Prakash alleges that he is the sole owner of Somya, Inc. ("Somya"), a company that manufactures and sells "herbal, non-tobacco smokes."  *Id.* ¶¶18, 33.  Somya is alleged to be the sole user of the mark TREAT, for its herbal cigarettes.  *Id.* ¶¶33, 42.

The Complaint alleges that on January 20, 2006, "Charles Grimes and Grimes & Battersby, LLP sent a notice on behalf of their clients Max Rohr and Altadis U.S.A. Inc. ("Altadis") to plaintiff warning him to cease and desist from making and selling cigarettes under the trademark TREAT" because such use of that mark would infringe and dilute the mark DUTCH TREATS.  Compl. ¶38.  Max Rohr, a trademark-holding company, owns the DUTCH TREATS trademark for cigars, which has been registered on the Principal Register of the United States Patent and Trademark Office ("PTO") since 1970.  *Id.* ¶¶21, 34.  Altadis manufactures and

sells cigars, tobacco, and tobacco-related products, and is the exclusive licensee from Max Rohr for its marks, including the DUTCH TREATS mark.  *Id.* ¶¶20, 21.  The Complaint alleges an exchange of letters between "Plaintiff" and Mr. Grimes that ended with Mr. Grimes' reply on March 9, 2006.  *Id. ¶¶* 39-40.

The Complaint acknowledges that on February 14, 2006, Max Rohr filed a formal opposition to Prakash's application for registration of the mark TREAT for filter-tip cigarettes in the PTO.  Compl. ¶ 40.  It further alleges that, in response to the cease-and-desist letters, Somya stopped making and selling its herbal smokes.  *Id.* ¶41.  Prakash also "denied [the allegations of infringement] at the opposition proceeding and counterclaimed against [the] trademark DUTCH TREATS.  *Id.* Opposition proceeding number 91169175 before the Trademark Trial and Appeal Board (the "Opposition Proceeding") remains pending.  *Id.*[1]

As the Opposition Proceeding finally neared the trial stage, Prakash filed this suit *pro se*, purportedly for himself and as the purported assignee of Somya.  *Id*. ¶19.  Prakash seeks recovery against 15 defendants based on 11 federal and state causes of action.  He has joined not only Max Rohr and Altadis, but also four other members of their corporate family, including Imperial; employees of Altadis and one of its related companies; the law firm of Grimes & Battersby and attorney Charles Grimes; and MacAndrews & Forbes Holdings, Inc. and its owner Ronald Perelman, who are not alleged to have had an interest in any business that makes or sells tobacco products since 1999.  *Id.* ¶¶22-31.

The central matter of which Prakash complains is the sending of the cease and desist letters that objected to his application to register the mark TREAT for cigarettes and any use of

---

[1] The Opposition Proceeding was stayed at Prakash's request after he filed this case.  *See* docket of Opposition Proceeding No. 91169175 attached as Exhibit A to *Memorandum in Support of Defendants' Joint Motion to Dismiss* ("Joint" Motion") [Dkt. No. 26].

that mark for that purpose.  *See, e.g.*, Compl., Count 1, ¶205.[2]  Secondarily, Prakash complains

of the procurement, use of and enforcement of the mark DUTCH TREATS, owned by Max

Rohr, alleging, *inter alia*, that the use of this mark is a fraudulent attempt "to capitalize on the

prestige and desirability of authentic Dutch cigars."  *See* Compl., Count 1, ¶196; Count 5, ¶¶252-

253; Count 6, ¶¶261-265; Count 7, ¶¶270-275; Count 8, ¶303.  He makes a similar complaint

about two other marks for cigars that incorporate the term "Dutch", DUTCH MASTERS and

DUTCHIES.  *Id.*

Most of the pages and paragraphs of the Complaint are devoted to Count 1, a series of

wide-ranging allegations that "defendants" engaged in RICO predicate acts and a RICO

conspiracy through the procurement, use and enforcement of 56 trademarks, including 47 alleged

to have been obtained in violation of laws prohibiting trade with Cuba, including H. UPMANN,

MONTE CRISTO, and POR LARRANAGA.  *See, e.g.,* Compl., Count 1, ¶¶103-132.  In the

RICO claims, aside from allegations concerning Imperial's purported acquisition of certain

companies, Prakash merely asserts in non-factual, conclusory fashion that Imperial illegally

owned and/or sold certain trademarks and/or illegally derived profits therefrom.

Counts 2–11 of the Complaint are very general, but appear to be based on the allegations

of trademark procurement, use, or enforcement in Count 1.  *See, e.g.*, Compl., Count 2, ¶¶218-

220.  Prakash generally alleges that the "defendants" engaged in the alleged wrongs.  The lone

allegation against Imperial in Counts 2–11 is found in paragraph 230, in which Prakash sets forth

what he claims is Imperial's control of the world market for "premium Cuban cigars."  What

Prakash, the owner of a trademark application for TREAT, and Somya, a seller of herbal

cigarettes, has to do with the world market for "premium Cuban cigars" is nowhere explained.

---

[2] More general complaints about "defendants" sending "to competitors the notices threatening litigation, and cease & desist letters" appear in Counts 2 , 3, and 4.

With respect to Imperial, Prakash asserts that the Court has personal jurisdiction based on (1) 18 U.S.C. § 1965; (2) 15 U.S.C. §§ 5, 15, and 22 ; (3) Ohio Rev. Code. § 2307.382(A)(3); (4) Ohio Rev. Code. § 2307.382(A)(7); (5) the "absent co-conspirator doctrine"; (6) the "Effects doctrine"; (7) Extraterritorial Application of RICO; (8) 31 C.F.R. § 515.310; (9) 22 U.S.C. § 6082; and (10) 18 U.S.C. § 1957(d)(2).  Compl. ¶¶8-10, 13-15, 16(a-j).  In support of his jurisdictional claims, Prakash cites the activities of Imperial's alleged "agent subsidiaries in the U.S."  *Id.* ¶¶16(d), 30, 77, 86, 101.

Imperial itself does not have any connections to the state of Ohio, nor does it conduct any business in the United States.[3]  Imperial is a resident of and is incorporated in the United Kingdom.  Declaration of Robert Dyrbus ("Dyrbus Decl.") ¶2.  Imperial directly or indirectly owns subsidiaries that have U.S. connections or operations, but Imperial has, at all times, maintained a separate corporate existence and identity and has operated solely outside the United States.  *Id.* ¶¶3-6.  None of Imperial's subsidiaries, including Commonwealth Brands, is authorized to act as Imperial's agent or to accept service[4] for Imperial.  *Id.* ¶¶4, 9.  Imperial has no office or place of business in Ohio or elsewhere in the U.S.  *Id.* ¶8.  Imperial has no employees that reside in Ohio or the U.S., and has no mailing address, or phone listing, and owns no property in Ohio or the U.S.  *Id.*  Imperial has never solicited business and has never sold or contracted to sell any goods or services in the state of Ohio.  *Id.*

---

[3] Shares in Imperial are traded on the OTCQX Imperial Premier platform in the U.S. in the form of American Depositary Shares.  Dyrbus Decl. ¶6.  In addition, employees of Imperial's subsidiaries can acquire shares in Imperial through a "Sharesave" program.  *Id.* ¶7.  As demonstrated below, these actions are legally insufficient to establish personal jurisdiction over Imperial.

[4] This distinction is made because Prakash served an "alias" summons on Commonwealth Brands, naming it as the agent of Imperial for accepting service of process.  Any assertion that Commonwealth Brands is Imperial's agent is incorrect.

## LAW AND ARGUMENT

This Court should dismiss Prakash's claims against Imperial pursuant to Fed. R. Civ. P. 12(b)(2), because Prakash has alleged no facts supporting this Court's exercise of personal jurisdiction of Imperial, a foreign corporation, and none exist.  Prakash's allegation that Imperial's subsidiaries conduct business in the United States is plainly insufficient to establish personal jurisdiction of Imperial.  RICO provides no basis for international service of process, and Imperial lacks sufficient contacts with Ohio or the U.S. generally to support the exercise of personal jurisdiction pursuant to the antitrust laws.  Similarly, Imperial lacks the minimum contacts that would support the exercise of long-arm jurisdiction consistent with the Due Process Clause.  Imperial should be dismissed from this case.

## I.  PLAINTIFF HAS FAILED TO MEET HIS BURDEN TO ESTABLISH A PRIMA FACIE CASE IN SUPPORT OF PERSONAL JURISDICTION.

It cannot simply be assumed that personal jurisdiction exists because a corporation is named as a defendant in a lawsuit.  As this Court recently noted, a plaintiff "[b]ears the burden of setting forth a prima facie showing of personal jurisdiction over the defendant."  *Hitachi Med. Sys. Am., Inc. v. Branch*, No. 5:09-cv-01575, 2010 U.S. Dist. LEXIS 19405, at *5 (N.D. Ohio Mar. 4, 2010).[5]  The Plaintiff must "[a]llege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing."  *Gafford v. General Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (U.S. 1936)); *see also Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

The Complaint makes only a single allegation of fact to support a claim that this Court has personal jurisdiction over Imperial, namely, that "[t]his court has personal jurisdiction over

---

[5] The unpublished cases cited to herein are attached to this Memorandum.

the alien defendant Imperial Tobacco Group PLC on the basis of: [...]the actions of its agent subsidiaries in the United States." *See* Compl. ¶16(d). In paragraph 30 of the Complaint, Prakash purports to describe Imperial's interest in a number of U.S.-based subsidiaries, including 5 of the defendants in this case. *See also* Compl. ¶77.

It is well established, however, that a company does not purposefully avail itself of the privilege of acting in the forum state merely by owning all or some of a corporation subject to personal jurisdiction in that state. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (jurisdiction over a corporation does not necessarily result in jurisdiction over holding company that owns it); *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977) (ownership of shares does not constitute purposeful availment). To establish jurisdiction, Prakash must demonstrate that Imperial is being brought into court for something Imperial did, not simply for the actions of its subsidiaries. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998) (dismissing claims against French holding company for lack of personal jurisdiction because there was no proof of an overt act by the holding company, only that of its subsidiary). Nowhere in the Complaint does Prakash allege an "overt act" in Ohio, or even the United States, by Imperial, and none of the references to Imperial in the Complaint are sufficient to establish personal jurisdiction over Imperial. Because there is no purposeful availment by Imperial, there is no personal jurisdiction over Imperial. *Id.* at 1275.

Even if this Court were to regard Prakash's allegations of jurisdictional "facts" as sufficient to meet his initial burden, this Court could exercise personal jurisdiction of Imperial only pursuant to an applicable federal statute or the Ohio long-arm statute, and only if the exercise of such jurisdiction satisfied the Due Process Clause. *Cf. Kwait & Assoc., Inc., v. Health-Mark Diagnostics, L.L.C.*, No. 1:97-CV-512, 1998 U.S. Dist. LEXIS 22880, at *4-5

(N.D. Ohio Feb. 23, 1998) (stating that courts look to a state's long-arm statute for non-resident defendants if there is no federal statute that provides for service of process).  As detailed below, none of these bases for jurisdiction exist here.

## II.  PRAKASH CANNOT ESTABLISH PERSONAL JURISDICTION PURSUANT TO THE SERVICE PROVISION OF RICO.

### A.  Broad Federal-Service Provisions Apply Only When the Plaintiff Has Stated Viable Causes of Action Under the Relevant Statutes.

Prakash cannot establish personal jurisdiction of Imperial based on the special service provision of RICO (18 U.S.C. § 1965(b)) because the Complaint does not state a valid RICO claim against Imperial.  It is well recognized that a plaintiff cannot rely on the special service provisions of a federal statute unless the plaintiff "has adequately stated a claim" for a violation of that statute.  *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993) (remanding for ruling on validity of claim under the 1934 Exchange Act); *see also NGS Am., Inc. v. Jefferson*, 218 F.3d 519 (6th Cir. 2000) (affirming dismissal for lack of personal jurisdiction because ERISA's nationwide-service provision did not apply to the plaintiff's case).

### B.  Prakash Cannot Rely on RICO's Nationwide Service of Process Because the Complaint Fails to State a RICO Claim.

"[M]erely naming persons in a RICO complaint does not, in itself, make them subject to [RICO's] nationwide service provisions."  *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).  Rather nationwide service of process pursuant to RICO is available only if the complaint states a valid RICO claim.  *See, e.g.*, *Combs v. Bakker*, 692 F. Supp. 596, 602 (W.D. N.C. 1988) ("Since the Court has found that the Amended Complaint does not set out facts sufficient to bring Defendants within the reach of [RICO], Plaintiffs may not take advantage of RICO's nationwide service of process provision….") (dismissing those parts of the complaint based on RICO), *vacated on other grounds*, 886 F.2d 673 (4th Cir. 1989);

*Williams v. D. Richey Management Corp.*, No. 87 C 6398, 1988 WL 8983 at *2 (N.D. Ill. Jan. 28, 1988) (declining to assert personal jurisdiction pursuant to nationwide-service provision of RICO where "plaintiff's RICO allegations failed to state a claim upon which relief may be granted").  As detailed in Section III of Defendants' Joint Motion, Prakash has failed to state a RICO claim on which relief can be granted.  Therefore, he cannot rely on RICO's service provision to join Imperial in this case.

> **C.     Prakash Cannot Rely on RICO to Establish Jurisdiction of Imperial by Service in the United Kingdom.**

Even if Prakash could state a RICO claim, RICO's nationwide service-of-process provision would not support the exercise of personal jurisdiction of Imperial, a U.K. company that was served in the U.K.  *See Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F. Supp. 2d 796, 806 (N.D. Ohio 1998).  Because RICO does not authorize international service of process, to establish personal jurisdiction of Imperial for his RICO claim, Prakash would have to rely on Ohio's long-arm statute.  *Id.*  For the reasons detailed *infra* at pp. 15-18, he cannot rely on the long-arm statute to establish jurisdiction of Imperial.  Therefore, Prakash's attempt to base personal jurisdiction of Imperial on RICO's nationwide service-of-process provision fails.

**III.     PRAKASH CANNOT ESTABLISH PERSONAL JURISDICTION OVER IMPERIAL UNDER THE ANTITRUST LAWS.**

> **A.     Prakash Cannot Rely on the Special Service Provision of the Antitrust Laws Because the Complaint Fails to State an Antitrust Claim.**

Because Section 12 of the Clayton Act, 15 U.S.C. § 22, applies only to a "suit, action, or proceeding *under the antitrust laws*[,]" Prakash's failure to state a claim under the antitrust laws precludes him from using the worldwide provision of Section 12 of the Clayton Act as a means to secure personal jurisdiction of Imperial.  *See A-DEC, Inc. v. Prof'l Equip. Mfg. Co.*, No. 83-

1118, 1984-1 Trade Cas. (CCH) ¶65,808, 1983 U.S. Dist. LEXIS 11560, at *6 (D. Ore. 1983)

("the expansive venue and service of process provisions of [15 U.S.C. § 22 shall only apply to

allow for expanded personal jurisdiction as against corporations that allegedly have violated the

antitrust laws"); *see also Pro-Fac Coop., Inc. v. Alpha Nursery, Inc.*, 205 F. Supp. 2d 90, 100

(W.D. N.Y. 2002) (explaining that if there is no claim arising out of an alleged violation of, or

duty created by, the Securities Act of 1934 before the court, then the Act's nationwide-service

provision does not apply in the first place, because by its terms, the nationwide-service provision

relates only "to the bringing of a 'suit or action to enforce any liability or duty created by this

chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules

and regulations….' ") (quoting 15 U.S.C. § 78aa).

As detailed in Sections IV and V of Defendants' Joint Motion, Prakash has failed to state

an antitrust claim on which relief can be granted.  For that reason, he cannot use Section 12's

service provision to secure personal jurisdiction of Imperial.  In fact, none of the provisions of

the Clayton Act that Prakash invokes against Imperial – 15 U.S.C. § 5, 15 U.S.C. § 15, or 15

U.S.C. § 22 – permit this Court to exercise personal jurisdiction of Imperial.

**B.**     **15 U.S.C. § 5 is Not a Basis for Personal Jurisdiction because it Applies Only to Actions Brought by the Government.**

Despite Prakash's allegation to the contrary, 15 U.S.C. § 5 provides no basis for this

Court to exercise personal jurisdiction over Imperial.  It is well established that Section 5 applies

only to claims brought by the government.  *Georgia v. Pennsylvania R. Co.*, 324 U.S. 439, 466-

467 (1945).  Therefore, 15 U.S.C. § 5 does not apply to Prakash's private civil action.

**C.**     **15 U.S.C. § 15 is a Venue Statute, and does not Establish Personal Jurisdiction Over Imperial.**

15 U.S.C. § 15, which authorizes a private cause of action for "[a]ny person who shall be

injured in his business or property by reason of anything forbidden in the antitrust laws, …"

establishes venue for such a claim in the "United States in the district in which the defendant *resides* or is *found* or *has an agent*." 15 U.S.C. § 15 (emphasis added). Imperial does not reside, cannot be "found," and does not have an agent anywhere in the United States. This is conclusively demonstrated by the fact that Prakash was required to serve Imperial in the United Kingdom under Fed. R. Civ. P. 4(h). *See* Dkt. No. 4.

**D.     Prakash Cannot Rely on 15 U.S.C. § 22 to Establish Personal Jurisdiction of Imperial.**

15 U.S.C. § 22 (Section 12 of the Clayton Act) provides that "[a]ny suit, action, or proceeding under the antitrust laws against a corporation may be brought" in "the judicial district whereof it is an inhabitant" and "in any district wherein it may be found or transacts business[.]" Section 12 of the Clayton Act cannot be used to assert personal jurisdiction of Imperial because Imperial lacks the minimum contacts with Ohio and with the U.S. upon which such jurisdiction could be based.

It is universally accepted that a court may rely on the second clause of Section 12 of the Clayton Act to assert personal jurisdiction of a domestic corporation only if the first clause of Section 12, concerning the proper venue for such a suit, is met. *See Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co., Ltd.*, No. 08-487, 2008 U.S. Dist. LEXIS 99395, at *3-7 (S.D. Ohio Dec. 9, 2008). In contrast, there is a circuit split as to whether the venue clause of Section 12 limits the U.S. venues in which an alien defendant may be sued for violation of the antitrust laws. *Id.* at *4-6, 15-18.[6] The Sixth Circuit has not ruled on this issue, as noted in *Plaskolite*. However, this circuit split does not matter here, because even the courts that allow a "mix and

---

[6] *Compare Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1415 (9th Cir. 1989) with *GTE New Media Servs. Inc. v. Bellsouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000) (Section 12 is the exclusive basis for venue in antitrust matters); *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520, 532 (N.D. Tex. 2001) (same). *See Iron Workers*, 23 F. Supp. 2d at 807 (British Defendant B.A.T. Industries dismissed for lack of personal jurisdiction from case alleging RICO and Clayton Act violations.)

match" approach to finding personal jurisdiction of an alien for an antitrust claim (joining service under Section 12 of the Clayton Act with venue under 18 U.S.C. § 1391(d)) still require "minimum contacts" with the U.S. sufficient to satisfy due process, in order to establish personal jurisdiction.  *Go-Video*, 885 F.2d at 1415; *see also Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1238 (6th Cir. 1981) ("[T]he existence of proper venue is not enough, in itself, for in personam jurisdiction to result from extra-territorial service of process" under Section 12 of the Clayton Act).  Here, Imperial not only lacks minimum contacts in the state of Ohio, but it lacks minimum contacts with the U.S. as a whole, which are required even under the most restrictive test.

As noted in the Dyrbus Declaration, Imperial conducts no business, owns no property, and maintains no office in the United States.  Although U.S. employees of Imperial's subsidiaries may qualify to purchase shares of Imperial through its "Sharesave" plan, this alone is insufficient to establish personal jurisdiction over Imperial.  *See Ames v. Whitman's Chocolates, Div. of Pet, Inc.*, No. 91-3271, 1991 U.S. Dist. LEXIS 18389, at *11-18 (E.D. Pa. Dec. 30, 1991) (dismissing foreign parent corporation pursuant to Fed. R. Civ. P. 12(b)(2) even though it granted stock options to Plaintiff).  Prakash's bare conclusory allegations that Imperial conducts business within the United States are insufficient as well.  *See Chrysler Corp.*, 643 F.2d at 1239 (plaintiff's conclusory allegations that foreign corporation purchased American parts and the use of American technology were insufficient to establish the minimum contacts required); *O.S.C. Corp. v. Toshiba Am., Inc.*, 491 F.2d 1064, 1068 (9th Cir. 1974) (foreign corporation dismissed because the plaintiff's bare allegations did not sufficiently establish that the foreign corporation "[t]ransacted such an amount, or any, business within…" the forum).  Neither the

allegations of the Complaint nor the availability of shares of Imperial's stock within the U.S. permit the use of Section 12 of the Clayton Act to assert personal jurisdiction of Imperial.

## IV.   NONE OF THE REMAINING CLAIMED FEDERAL BASES FOR JURISDICTION OF IMPERIAL APPLY.

In paragraph 16(f)-16(j) of the Complaint, Prakash makes an obscure reference to the "effects doctrine" and to RICO, a section of the Code of Federal Regulations, and two sections of the United States Code, and claims that these references establish personal jurisdiction over Imperial.  They do not.

### A.   The "Effects Doctrine" and Extra-Territorial Application of RICO do not Establish Personal Jurisdiction Over Imperial Because Plaintiff's RICO Claims Fail as a Matter of Law.

As noted in Section II, *supra*, Plaintiff has failed to state a valid RICO cause of action against Imperial and thus any reference to RICO as a basis for jurisdiction also fails as a matter of law.

Plaintiff's Complaint baldly asserts that personal jurisdiction over Imperial exists pursuant to the " 'effects doctrine' since the foreign defendant's acts have a foreseeable impact within the United States."  Compl. ¶16(f).  The Complaint is utterly devoid of any specific allegations supporting the conclusory claim that Imperial's actions abroad had a "foreseeable impact" on the United States.  The Complaint alleges no such acts abroad and no identified effects in the U.S.  No "effects doctrine," therefore, supports a claim of personal jurisdiction of Imperial.

An "effects test," originally set forth in *U.S. v. Aluminum Co. of Am.*, 148 F.2d 416 (2d Cir. 1945), allows personal jurisdiction over foreign defendants whose illegal activities abroad had an effect in the United States.  To establish personal jurisdiction of Imperial based on this "effects test," the Complaint would have to allege at least one intentional act by Imperial that had

an "effect" in the United States.  *See Chirila v. Conforte*, 47 Fed. Appx. 838, 842-843 (9th Cir. 2002) (Plaintiff's claims of personal jurisdiction over British defendants under the "effects" doctrine rejected because Complaint failed to allege overt predicate act that would serve as basis for claimed "effect" in the United States).  Prakash does not allege, anywhere in the Complaint, that Imperial engaged in an overt action that caused harm in Ohio or even in the United States as a whole.  Therefore, because Prakash has not alleged an overt act by Imperial that had an effect in the United States, the "effects doctrine" does not establish personal jurisdiction over Imperial.

Furthermore, even if Prakash's Complaint were sufficient to allege an act by Imperial that had an effect in the United States, that alone would not establish personal jurisdiction over Imperial.  To establish personal jurisdiction under an "effects" theory, the Plaintiff must allege that the action was purposefully directed at the forum state with an intention to cause him foreseeable harm there.  *See Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994) (no personal jurisdiction over British association for publication of allegedly defamatory press release in London despite allegations of harm felt in Ohio).  Nothing in the Complaint suggests that Imperial took any action specifically directed at him to cause him harm in Ohio.  Therefore, Plaintiff's reference to the "effects doctrine" does not establish personal jurisdiction over Imperial.

> **B.     The Regulation Prakash Cites – 31 C.F.R. § 515.310(d) – Does Not Exist, and Cannot Establish, Personal Jurisdiction Over Imperial.**

Title 31 of the Code of Federal Regulations in Section 515.310 does not have a subpart (d).  Section 515.310 itself contains the definition of the term "Transfer".  Section 515.310 is contained in Subpart C of Title 31, Section 515.  Subpart C is entitled "Definitions" and contains subsections numbered 301-339.  It is unclear how a list of defined terms is relevant to personal jurisdiction.  Indeed, an examination of the listed definitions reveals that there is no definition in

subsections 310-339 that deals with a method of establishing personal jurisdiction over Imperial. The non-existent regulation that Prakash cites cannot possibly be a basis for personal jurisdiction of Imperial.

**C.      The Helms-Burton Act, Specifically 22 U.S.C. § 6082, Does Not Establish Personal Jurisdiction Over Imperial.**

The Helms-Burton Act ("HBA") was enacted to punish, among other things, people who traffic in property confiscated by the Cuban Government.  The HBA provides a civil remedy for United States nationals whose property was confiscated by the Cuban Government.  *See* 22 U.S.C. § 6082(a)(1)(A).  Prakash never alleges that he is such a person and therefore lacks standing to assert a claim under the HBA.  *See* Compl. ¶¶1-329.  Thus, 22 U.S.C. § 6082 does not apply to Plaintiff's claims and it does not establish personal jurisdiction of Imperial.

**D.      18 U.S.C. § 1957(d)(2) Does Not Establish Personal Jurisdiction Over Imperial.**

18 U.S.C. § 1957 prohibits individuals and entities from engaging in monetary transactions "in criminally derived property."  *See* 18 U.S.C. § 1957(a).  The portion of 18 U.S.C. § 1957 to which the Complaint refers states, in its entirety, "The circumstances referred to in subsection (a) are … that the offense under this section takes place outside the United States and such special jurisdiction, but the defendant is a United States person (as defined in section 3077 of this title, but excluding the class described in paragraph (2)(D) of such section)."  18 U.S.C. § 1957(d)(2).  Because Imperial is not a United States person, 18 U.S.C. § 1957 does not apply to Imperial.  Furthermore, enforcement of 18 U.S.C. § 1957 is left to the Department of Justice, Department of the Treasury, Department of Homeland Security, and the United States Postal Service, depending on the circumstances of the infraction.  *See* 18 U.S.C. § 1957(e).  Nowhere is there a provision for a private remedy.  *See generally* 18 U.S.C. § 1957.  Thus

Plaintiff's reference to 18 U.S.C. § 1957(d)(2) does not establish personal jurisdiction over Imperial.

   **E.    Prakash's Allegations Under Fed. R. Civ. P. 4(k)(1)(C), Paragraphs 16(a)-16(b), Do Not Establish Personal Jurisdiction Over Imperial.**

   In paragraphs 16(a)-16(b) of the Complaint, Plaintiff cites Fed. R. Civ. P. 4(k)(1)(C) as a basis to establish personal jurisdiction over Imperial under 18 U.S.C. § 1965(d) and 15 U.S.C. § 22.  This reference does not establish an independent basis for personal jurisdiction.  Fed. R. Civ. P. 4, entitled "Summons", deals with the service of a summons on another party.  *See* Fed. R. Civ. P. 4.  Subsection (k) sets forth the Territorial Limits of Effective Service and subsection (1)(C) specifically states that personal jurisdiction is established "when authorized by a federal statute."  Accordingly, Fed. R. Civ. P. 4 does not establish an independent basis for personal jurisdiction, and because, as shown above, none of the federal statutes cited by Prakash establish personal jurisdiction, there is no personal jurisdiction over Imperial.

**V.    Prakash Cannot Satisfy the Ohio Long-Arm Statute for His RICO, Lanham Act, and State Law Claims.**

   Because Prakash cannot establish personal jurisdiction over Imperial under a federal statute that provides for international service of process, he must turn to the laws of Ohio.  As stated by Judge O'Malley in *Kwait & Assoc.*, 1998 U.S. Dist. LEXIS 22880, at *4-5, "when considering whether to exercise jurisdiction over a non-resident defendant in a diversity case, or in a case where federal subject matter jurisdiction exists but the federal statute does not provide for service of process, a federal court must apply the law of the forum state in which it sits."[7]

   This Court cannot exercise personal jurisdiction over Imperial, a citizen of the United Kingdom for the RICO, Lanham Act or state laws claims, unless (1) it is amenable to suit under

Ohio's long-arm statute and (2) the due process requirements of the U.S. Constitution are met. *Reynolds*, 23 F.3d at 1115.  Neither is true here.  The provisions of the Ohio long arm statute that Prakash invokes -- § 2307.382(A)(3) and (7) -- and his allegation of "absent co-conspirator" jurisdiction do not support the assertion of personal jurisdiction of Imperial.  Imperial must be dismissed because Plaintiff cannot meet his burden to establish personal jurisdiction of Imperial. *Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd.,* 91 F.3d 790, 793 (6th Cir. 1996).

### A.    Subsection (A)(3) of the Ohio Long Arm Statute Provides No Basis for Personal Jurisdiction Over Imperial.

Subsection (A)(3) of the Ohio long-arm statute allows a court to exercise jurisdiction over a non-resident if the non-resident has caused a tortious injury in Ohio, where both the causing act or omission and the resulting tortious injury occur in Ohio.  *Schultz v. Szott*, No. 3:08-cv-02718, 2009 U.S. Dist. LEXIS 66627, at *14 (N.D. Ohio July 31, 2009) (citing *Busch v. Serv. Plastics, Inc*., 261 F. Supp. 136, 140 (N.D. Ohio 1966)).  Because the tortious act or omission must occur in Ohio, the physical presence of the alleged tortfeasor is required under § 2307.382(A)(3).  *Hildebrand v. Steck Mfg. Co. Inc.*, 279 F.3d 1351, 1355 (Fed. Cir. 2002) (holding that phone calls and letters which were sent into Ohio did not establish the alleged tortfeasor's presence in Ohio) (citing *Busch*, 261 F. Supp. at 140).

The Complaint does not allege that Imperial was ever present in Ohio or committed any act in Ohio that harmed Prakash.  In fact, the Complaint does not allege that Imperial was present anywhere in the United States.  The vague allegation that the "defendants have committed their tortious activities in this state …."  (Compl. ¶16(c)) does not satisfy the statutory requirement for personal jurisdiction under Rev. Code § 2307.382(A)(3) that the non-resident defendants have

---

[7] Unlike RICO and the antitrust laws, the Lanham Act does not have a provision that permits service of process outside the forum state.  To establish personal jurisdiction of an out of state defendant for a Lanham Act claim, a plaintiff must rely on the long arm statute of the forum state.  *See generally* 15 U.S.C. §§ 1051-1141.

been present in Ohio. *See Hildebrand*, 279 F.3d at 1355. Personal jurisdiction of Imperial cannot be based on Rev. Code § 2307.382(A)(3).

### B. Subsection (A)(7) of the Ohio Long Arm Statute Provides No Basis for Personal Jurisdiction Over Imperial.

Subsection (A)(7) of the Ohio long-arm statute provides for jurisdiction over a non-resident if that non-resident has "caus[ed] tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity." Ohio Rev. Code § 2307.382(A)(7). To establish personal jurisdiction under Section 2307.382(A)(7), the plaintiff must do more than merely assert that the defendant engaged in the "[c]ommission of, or complicity to, a criminal act and that any element of that criminal act took place in Ohio." *Hoover v. Soc'y Bank of E. Ohio N.A.*, No. 5:90CV1245, 1991 U.S. Dist. LEXIS 19073, at *41 (N.D. Ohio Apr. 12, 1991). At a minimum, the plaintiff must allege facts sufficient to suggest that the defendants actually engaged in, or were complicit in, a criminal act. *Id.* at *34-35, 41 (finding that the plaintiff failed to establish personal jurisdiction under Section 2307.382(A)(7) because the amended complaint merely recited the statute and failed to offer any evidence regarding what criminal act allegedly occurred).

As in *Hoover*, Prakash's allegations are insufficient. Instead of alleging specific facts concerning any alleged criminal act or element thereof that took place in Ohio, Prakash merely recites the language from Section 2307.382(A). Compl. ¶16(d). Accordingly, Prakash cannot establish personal jurisdiction of Imperial under subsection (A)(7).

### C. The Absent Co-Conspirator Doctrine is Not Recognized as a Means for Establishing Personal Jurisdiction in this District.

Prakash alleges that this Court has jurisdiction over Imperial based on the "absent co-conspirator doctrine." Compl. ¶16(e). But this Court has rejected the absent co-conspirator doctrine as a basis for personal jurisdiction. *See Hollar v. Philip Morris, Inc.*, 43 F. Supp. 2d

794, 802 n.7 (N.D. Ohio 1998) ("Since personal jurisdiction must be based on the actions and contacts of the specific defendant at issue, ... the Court declines to apply the so called 'conspiracy theory of jurisdiction'...."); *Iron Workers*, 23 F. Supp. 2d at 808 ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining [jurisdiction]....") (citation omitted).  Therefore, Prakash cannot establish personal jurisdiction over Imperial based on vague co-conspirator allegations.

> **D.      Prakash Cannot Satisfy the Fourteenth Amendment Due Process Requirements.**

The Fourteenth Amendment Due Process Clause protects an individual from being subject to the binding judgments of a forum in which he has not established any meaningful contacts, ties, or relations.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985).  In evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, this Court must look to whether Imperial has "[m]inimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "  *Conti v. Pneumatic Prod Corp.*, 977 F.2d 978, 981 (6th Cir. 1992), *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Because Imperial does not have – and is not alleged to have – such contacts, whether related to Prakash's claims or otherwise, neither the theory of general jurisdiction or specific jurisdiction supports a claim for personal jurisdiction of Imperial.  *See Chrysler Corp.*, 643 F.2d at 1239-1240 (dismissing a foreign corporation because the plaintiff had presented no evidence demonstrating the foreign corporation's contacts with the forum, or the United States, and because the "[m]aintenance of this action against it would offend traditional notions of fair play and substantial justice.") (internal quotations and citations omitted).

## <u>CONCLUSION</u>

For all the foregoing reasons, this Court should dismiss Plaintiff's Complaint against

Defendant Imperial Tobacco Group, PLC for lack of personal jurisdiction.

DATED:  April 7, 2010                              Respectfully submitted,

                                                   /s/ Deborah A. Coleman
                                                   Deborah A. Coleman (0017908)
                                                   dacoleman@hahnlaw.com
                                                   Oliver J. Dunford (0073933)
                                                   odunford@hahnlaw.com
                                                   Aubrie Knight Wancata (0080635)
                                                   aknightwancata@hahnlaw.com
                                                   Jon Paul Anthony (0085237)
                                                   janthony@hahnlaw.com
                                                   HAHN LOESER & PARKS LLP
                                                   200 Public Square, Suite 2800
                                                   Cleveland, Ohio 44114
                                                   Phone:  (216) 621-0150
                                                   Fax:  (216) 241-2824

                                                   *Attorneys for Defendants, Altadis U.S.A. Inc.,*
                                                   *Altadis Holdings U.S.A. Inc., Cuban Cigar*
                                                   *Brands, NV, Max Rohr, Inc., Imperial Tobacco*
                                                   *Group PLC, 800-JR Cigar Inc., Lewis I. Rothman,*
                                                   *Grimes & Battersby LLP, Charles W. Grimes,*
                                                   *Ronald O. Perelman, MacAndrews & Forbes*
                                                   *Holdings Inc., Gary R. Ellis, Theo W. Folz,*
                                                   *James L. Colucci, and George Gershel*

## **CERTIFICATION OF COUNSEL**

I hereby certify that the instant matter has not yet been assigned to a case track with regard to the instant *Memorandum In Support Of The Motion Of Defendant Imperial Tobacco Group PLC To Dismiss For Lack Of Personal Jurisdiction* to Plaintiff Rohit Prakash's Complaint, and that the Memorandum adheres to the page limitations set forth in Local Rule 7.1(f).

/s/ Deborah A. Coleman
*Attorney for Defendants, Altadis U.S.A. Inc., Altadis Holdings U.S.A. Inc., Cuban Cigar Brands, NV, Max Rohr, Inc., Imperial Tobacco Group PLC, 800-JR Cigar Inc., Lewis I. Rothman, Grimes & Battersby LLP, Charles W. Grimes, Ronald O. Perelman, MacAndrews & Forbes Holdings Inc., Gary R. Ellis, Theo W. Folz, James L. Colucci, and George Gershel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2010, this *Memorandum in Support of Motion of Defendant Imperial Tobacco Group PLC to Dismiss for Lack of Personal Jurisdiction* was filed electronically and a copy was sent to Rohit Prakash, *pro se,* via regular U.S. mail, 1510 South Hametown Road, Copley, Ohio 44321.

/s/ Deborah A. Coleman
*Attorney for Defendants, Altadis U.S.A. Inc., Altadis Holdings U.S.A. Inc., Cuban Cigar Brands, NV, Max Rohr, Inc., Imperial Tobacco Group PLC, 800-JR Cigar Inc., Lewis I. Rothman, Grimes & Battersby LLP, Charles W. Grimes, Ronald O. Perelman, MacAndrews & Forbes Holdings Inc., Gary R. Ellis, Theo W. Folz, James L. Colucci, and George Gershel*