UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROHIT PRAKASH, | ) | CASE NO.  5:10CV33 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| ATLADIS U.S.A., INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is Defendants'[1] motion to strike Plaintiff's "First Amended Complaint." (Doc. No. 42.) For the reasons set forth below, the motion to strike is **GRANTED**.

**Background**

On January 7, 2010, Plaintiff Rohit Prakash (Plaintiff or Prakash) filed a pro se Complaint, raising claims under the civil RICO statute, the Lanham Act, the Sherman Act, the Clayton Act, and various other state and federal statutes and common law. (Doc. No. 1, Compl.) On January 8, 2010, Plaintiff attempted to serve the Complaint upon at least one of the defendants, but it is undisputed that this attempted service failed.

On January 15, 2010, Plaintiff filed an Amended Complaint. (Doc. No. 3.) On the same day, Plaintiff served the Amended Complaint. Along with a copy of the

---

[1]This motion is brought by Defendants Altadis U.S.A., Inc., Cuban Cigar Brands N.V., Altadis Holdings U.S.A., Inc., Max Rohr Inc., Imperial Tobacco Group PLC, 800-JR Cigar Inc., Gary R. Ellis, Lewis I. Rothman, Grimes & Battersby LLP, Charles W. Grimes, Ronald O. Perelman, MacAndrews & Forbes Holdings Inc., Theo W. Foltz, James L. Colucci, and George Gershel (collectively "Defendants").

Amended Complaint, Plaintiff included a copy of the original Complaint in the service envelope. As such, Defendants were served with both the Complaint and the Amended Complaint at the same time.

After the Court granted Defendants leave, on two separate occasions, Defendants filed a Joint Motion to Dismiss Counts 1-6 and 8-11 of the Amended Complaint, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 42.) In support of their motion, Defendants maintained that Plaintiff was not entitled, pro se, to prosecute claims belonging to his corporation, that he had no standing to assert any of the claims set forth in the Amended Complaint except those against Defendant Max Rohr, Inc. for cancellation of the registration of DUTCH TREATS, and that 15 U.S.C. § 1119 did not provide subject matter for a stand-alone claim for cancellation. Defendants also argued that Plaintiff had failed to set forth a claim under any of the common law theories or the statutory provisions identified in the Amended Complaint. In addition, Defendants filed seven individual motions to dismiss under Rule 12(b)(2) and 12(b)(3), claiming, among other things, that the Court lacked personal jurisdiction over them. (Doc. Nos. 27-33.)

Plaintiff did not file a responsive brief. Instead, on April 26, 2010, and within the time period for responding to Defendants' motions, Plaintiff filed a document styled "First Amended Complaint." (Doc. No. 37.) This pleading raised four new claims and identified two new defendants, and added what appears to be legal argument relating to the issue of personal jurisdiction. The "First Amended Complaint" also expanded the pleadings from 326 allegations to 437 allegations.

Defendants seek to strike this new pleading. In their motion, they argue that Plaintiff was not entitled to amend a second time without their consent or leave of court. The resolution of this motion is dictated by the provisions of Fed. R. Civ. P. 15.

**Analysis**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days of serving it; or
> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other circumstances, a pleading can only be amended with the consent of the opposing party or leave of court. Rule 15(a)(2).

Defendants argue that Plaintiff exercised his right to amend his pleading once as a matter of course, pursuant to Rule 15(a)(1)(A), when he filed the Amended Complaint and served it along with his original Complaint. According to Defendants, Plaintiff' second amendment, which Defendants believe should have been styled "Second Amended Complaint," was filed outside of Rule 15(a)(1) and should be struck. Keying in on the language of Rule 15(a)(1)(A), relating to the service of the original complaint, Plaintiff insists that Rule 15(a) does not apply to amendments filed *before* the original complaint is served. As such, he argues that he properly exercised his right to file one amendment as a matter of course under Rule 15(a)(1)(B) when he filed his "First Amended Complaint" within 21 days of the filing of the motions to dismiss.

3

Notwithstanding the novelty of Plaintiff's argument, the Court finds that Plaintiff's interpretation of Rule 15(a) is flawed. Rule 15(a) permits one amendment as a matter of course, provided the amendment falls under one of the two enumerated limitations. This right does not hinge on the timing of the filing of the original complaint. *See generally, Ahmad v. Independent Order of Foresters*, 81 F.R.D. 722, 726 (E.D. Pa. 1979) (citing former Rule 15 and providing that Rule 15 "contains no requirement that the original pleading have been served before an amendment as of right").

Moreover, Defendants had a right to rely on the fact that the Amended Complaint controlled the case and was the one and only amendment to which Plaintiff was entitled without leave of court. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)) (upon the filing of the amended complaint, the new complaint supersedes all previous complaints and controls the case). To adopt Plaintiff' interpretation of Rule 15(a) as allowing unlimited amendments without leave prior to service of the original complaint would result in confusion for the parties and the Court.

It is clear that Plaintiff exercised his right to one amendment as of right under Rule 15(a)(1)(A) when he filed the Amended Complaint. Any further amendment required leave of court or permission of the opposing parties. Rule (15)(a)(2). Plaintiff did not seek leave, and Defendants do not consent to any further amendments. The "First Amended Complaint" was, therefore, improperly filed, and Defendants' motion to strike is GRANTED. *See, e.g., Johnson v. Trane U.S. Inc.*, 2010 U.S. Dist. LEXIS 52641 (W.D. Tenn. May 26, 2010) (citing *Nicholson v. City of Westlake*, 20 Fed. App'x 400, 402 (6th Cir. 2001)) (striking second amended complaint filed without leave of court). Plaintiff is

4

hereby granted leave until July 26, 2010 to file an opposition to Defendants' motions to dismiss. Failure to timely oppose these motions may result in summary dismissal of this action.

**IT IS SO ORDERED**.

Dated: July 2, 2010

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**